STATE OF NORTH CAROLINA v. JIMMIE LEE MYERS AND STATE OF NORTH CAROLINA v. DAVID LEE GARRIS

No. 8222SC909

(Filed 5 April 1983)

1. **Narcotics § 4.7— trafficking in more than 10,000 units of methaqualone—no necessity for instructing on lesser degree of crime**

   In a prosecution for felonious trafficking by selling or delivering to an undercover agent 10,000 or more dosage units of methaqualone, the trial court was not required to submit to the jury the lesser included offense of trafficking in less than 10,000 dosage units of methaqualone because only 20 of the more than 30,000 tablets seized by undercover agents were actually determined by chemical analysis to be methaqualone where an SBI agent testified that he examined the tablets and determined that they all had the same physical characteristics.

2. **Criminal Law § 138— mitigating circumstance—substantial assistance to authorities—insufficient evidence**

   The trial court did not err in concluding that defendant had not provided such substantial assistance to the State so as to entitle him to a reduction of the minimum sentence for drug trafficking pursuant to G.S. 90-95(h)(5) where defendant contended that he had provided SBI agents with information and names relating to a homicide and to drug trafficking, but an SBI agent's testimony tended to show that defendant's information about the homicide had not revealed any new name but concerned an individual already known to the State, that the information had not led to a conviction, and that defendant had not assisted in the prosecution of his accomplices.

APPEAL by defendants from *Collier, Judge.* Judgments entered 28 April 1982 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 8 March 1983.

Defendants were indicted for felonious trafficking by selling or delivering to an undercover agent on 24 July 1981, 10,000 or more dosage units of the controlled substance methaqualone and were found guilty as charged. Each defendant appeals from imposition of a sentence of imprisonment for 35 years and a fine of $200,000.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Malcolm R. Hunter, Jr. for defendant appellant Myers.*

*Charles H. Harp II for defendant appellant Garris.*

BRASWELL, Judge.

### DEFENDANT MYERS' APPEAL

[1] Defendant's sole issue presented for our review is whether the court erred by failing to submit to the jury the requested charge on the lesser-included offenses of trafficking in 1,000 and 5,000 dosage units of methaqualone.

Defendant argues that since only 20 of the 30,241 tablets were actually determined by chemical analysis to be methaqualone, the court erred in denying defendant's request for jury instructions on the lesser-included offense of trafficking in less than 10,000 dosage units of methaqualone. The trial court instructed the jury that in order to find defendants guilty of trafficking in methaqualone, the State had to prove two elements beyond a reasonable doubt: that each defendant knowingly sold or delivered methaqualone to the undercover agent and that the amount sold or delivered was 10,000 or more dosage units.

> "The trial judge must submit and instruct the jury on a lesser-included offense when, and only when, there is evidence from which the jury can find that a defendant committed the lesser-included offense. Conversely, when all the evidence tends to show that defendant committed the crime charged in the bill of indictment and there is no evidence of the lesser-included offense, the court should refuse to charge on the lesser-included offense."

*State v. Summitt*, 301 N.C. 591, 596, 273 S.E. 2d 425, 427, *cert. denied*, 451 U.S. 970, 68 L.Ed. 2d 349, 101 S.Ct. 2048 (1981).

State's evidence clearly tended to show that the amount of tablets sold or delivered by defendant to the agents exceeded 10,000. According to the evidence, undercover S.B.I. agents seized two bags containing a total of 30,241 tablets of methaqualone. The total was computed based upon weight and not by an actual counting of the tablets. Defendants had agreed to sell 30,000 tablets to the agents. Of the total, 20 tablets were randomly selected and, after chemical analysis, were found to contain the Schedule II substance methaqualone. Defendant contends that the evidence presented a question concerning the actual number of tablets containing methaqualone, other than the 20 analyzed by S.B.I. chemists, and that this issue should have been submitted to

the jury by an instruction on a lesser-included offense. We disagree.

S.B.I. Special Agent Rainey testified that he examined the tablets to make sure that they all had the same physical characteristics. He stated that these were "bootleg" tablets in that they were not commercially prepared. He described them as follows:

> "These showed all the same general characteristics of the bevelled edge, impression of the disc in the logo was the same; the tablet thickness the same. It was not a mixture of two different batches of tablets there."

Rainey selected twenty tablets at random and determined by chemical analysis that they were methaqualone. Our courts have held that "[w]hen a random sample from a quantity of tablets or capsules identical in appearance is analyzed and is found to contain contraband, the entire quantity may be introduced as the contraband." *State v. Wilhelm*, 59 N.C. App. 298, 303, 296 S.E. 2d 664, 667 (1982); *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Absher*, 34 N.C. App. 197, 237 S.E. 2d 749, *disc. rev. denied*, 293 N.C. 741, 241 S.E. 2d 514 (1977).

To support his contention that a charge on a lesser-included offense should have been given here, defendant cites *State v. Gooch*, 307 N.C. 253, 297 S.E. 2d 599 (1982), and *State v. Reese*, 33 N.C. App. 89, 234 S.E. 2d 41 (1977). We find the holdings in these cases inapplicable to the question presented by this appeal since in those cases the court had erred by failing to give any instruction concerning the amount of controlled substance which had to be proved in order to find defendant guilty of felonious possession of drugs. Here, the trial judge properly instructed the jury on the requisite elements the State had to prove in order to establish defendant's guilt on the offense for which he was charged.

All the evidence tended to show that defendant committed the offense of trafficking in 10,000 or more dosage units of methaqualone and there was no evidence of a lesser-included offense. We therefore hold that the court properly refused to charge on the lesser-included offenses requested by defendant.

As to defendant Myers' appeal, we find no error.

## DEFENDANT GARRIS' APPEAL

Defendant Garris' first two questions for review are the same as the one question presented by codefendant Myers' appeal. Therefore, we find no error for the reasons given in our discussion of the Myers' appeal.

[2] We also find no merit to defendant's argument that the court erred in failing to find mitigating circumstances that would have affected the sentencing proceeding. Defendant contends that although he did not testify against anyone, he provided S.B.I. agents with information and names relating to a homicide in Randolph County and to drug trafficking. He submits that this information "provided substantial assistance" such as to allow reduction of the minimum prison term pursuant to G.S. 90-95(h)(5). The S.B.I. agent's testimony, however, tended to show that defendant's information had not revealed any new name but concerned an individual already known to the State, that the information had not led to a conviction, and that defendant had not assisted in the prosecution of his accomplices.

On the basis of the evidence presented, the court concluded that defendant had not provided such substantial assistance to the State so as to entitle him to reduction of the minimum sentence. Defendant was sentenced to the minimum sentence allowed by G.S. 90-95(h)(2)(c). We therefore hold that the imposition of the minimum sentence with no reduction for assistance by defendant did not constitute an abuse of discretion by the trial judge.

> " 'There is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amounting to a denial of some substantial right. *State v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342. A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.' "

*State v. Davis*, 58 N.C. App. 330, 335, 293 S.E. 2d 658, 662, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982), *quoting State v. Pope*, 257 N.C. 326, 334-35, 126 S.E. 2d 126, 132-33 (1962).

We find that the record discloses no prejudicial error in defendant's sentencing hearing.

No error in the appeals of defendants Myers and Garris.

Judges HEDRICK and WHICHARD concur.