STATE OF NORTH CAROLINA v. ALVIN BRYAN WILLIS, III

No. 8813SC243

(Filed 30 December 1988)

1. Criminal Law § 138— Fair Sentencing Act—inapplicability when statute provides own presumptive sentence

The Fair Sentencing Act's presumptive sentences set out in N.C.G.S. § 15A-1340.4(f) do not apply if a separate statute provides its own presumptive sentence, as N.C.G.S. § 90-95 does; therefore, defendant who was sentenced to 35 years for trafficking 400 grams or more of cocaine received the presumptive sentence and had no appeal of right after a plea of guilty.

**2. Narcotics § 5— defendant's rendering substantial assistance in apprehending others—reduction of sentence discretionary**

　　Even if defendant did render substantial assistance in the identification and apprehension of others involved in the drug trade, which the State contended he did not, the reduction of his sentence was in the trial judge's discretion, and there was no abuse of discretion in this case. N.C.G.S. § 90-95(h)(5).

**3. Narcotics § 5— sentencing hearing—Rules of Evidence inapplicable**

　　The Rules of Evidence do not apply to a sentencing hearing under N.C.G.S. § 90-95.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 8 December 1987 in COLUMBUS County Superior Court, venue having been waived from BRUNSWICK County Superior Court for the purpose of sentencing. Heard in the Court of Appeals 28 September 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Laura E. Crumpler, for the State.*

*William R. Shell, attorney for defendant-appellant.*

ORR, Judge.

The defendant was indicted on 12 counts of conspiracy to traffic in cocaine and 12 counts of trafficking in cocaine. Prior to the charges, the defendant entered into a plea agreement with the State. As part of this agreement, the defendant pled guilty to one count of conspiracy to traffic in more than 400 grams of cocaine. In addition, the following was agreed to as part of the plea:

> The State of North Carolina agrees that if the defendant, to the best of his knowledge, provides substantial assistance in the identification, arrest and apprehension of any accomplices, accessories, co-conspirators, or principals, then the State will recommend at sentencing that the Court find the defendant has been of substantial assistance pursuant to 90-95(h)(5).

The trial court sentenced defendant to 35 years, the mandatory minimum sentence for drug trafficking of 400 grams or more of cocaine under G.S. 90-95(h)(3)c. Defendant appeals.

The State filed a Motion to Dismiss Appeal on 16 May 1988, claiming the defendant had no appeal of right because the sen-

tence he received under G.S. 90-95(h)(3)c was the presumptive sentence. *See* G.S. 15A-1444(a1) (1988).

The defendant, on the other hand, claims the presumptive sentence for the Class D felony he has been charged with is 12 years under G.S. 15A-1340.4(f)(2). The defendant believes he is entitled to an appeal of right under G.S. 15A-1444(a1) because his sentence exceeded the presumptive sentence.

In the alternative, the defendant filed a Petition for Writ of Certiorari on 3 June 1988 in the event he did not have an appeal of right.

## I.

[1] Before reaching the merits of this appeal, we must address the procedural matters before us. The State filed a Motion to Dismiss Appeal on 16 May 1988 claiming the defendant had received the presumptive sentence and therefore had no appeal of right. The Motion to Dismiss Appeal is granted.

The Fair Sentencing Act's presumptive sentences set out in G.S. 15A-1340.4(f) do not apply if a separate statute provides its own presumptive sentence as G.S. 90-95 does. *State v. Ruiz*, 77 N.C. App. 425, 429, 335 S.E. 2d 32, --- (1985), *disc. rev. denied*, 315 N.C. 395, 338 S.E. 2d 885 (1986).

While the appeal is dismissed, we grant certiorari to hear the case on its merits.

## II.

[2] Defendant contends he did render substantial assistance to the State and should have received a sentence less than the mandatory minimum sentence and fine pursuant to G.S. 90-95. He points to several instances where he contends information provided by him led to convictions or aided in a subsequent indictment against a drug trafficker.

According to the defendant, examples of substantial assistance which entitle him to a lesser sentence under the plea agreement with the State and G.S. 90-95(h)(5) include:

1. In early 1987 defendant went with SBI agent Corey Duber to Florida. The defendant identified Jack Truesdale, a major supplier, and took Agent Duber to Truesdale's home. The

SBI had no knowledge of Truesdale prior to the defendant's identification.

2. The defendant also showed Agent Duber the motel in Florida where drug transactions had taken place. The guest register from this motel was used as evidence to convict Truesdale.

3. The defendant advised Dale Varnum, a drug trafficker, to surrender and cooperate with the authorities.

4. The defendant provided the State with information on 29 different people involved in drug transactions. The defendant further identified those persons within the group who were major suppliers. Two of these major suppliers were later indicted by the Grand Jury.

5. The defendant was the only witness called at a Grand Jury investigation. At the close of the investigation the District Attorney made a statement the defendant had "been apparently cooperative." The defendant was the only witness called at this hearing.

6. The defendant was willing to cooperate in a set-up in Greenville, North Carolina, but the suspect had been warned the defendant was working for the police.

7. The defendant was instrumental in the conviction of Tucker Culley, a major drug trafficker. The defendant provided information directly, but information also came from people the defendant persuaded to cooperate.

8. The defendant provided information about the shipping company which was regularly used for the drug shipments. Agent Duber never checked into the records of this company.

The State reported to the trial court that defendant did not render substantial assistance. Rather, according to the State, defendant inhibited the investigation by providing the State with false leads and misleading information. The trial court sentenced the defendant to the mandatory minimum sentence of 35 years imprisonment and at least $250,000.00 under G.S. 90-95(h)(3)c and 90-95(i).

The determinative issue is whether the trial court properly sentenced defendant in light of the defendant's claim to have

rendered substantial assistance. The plea agreement contained the following statement:

> Sentencing is ultimately in the discretion of the Court and nothing contained herein is intended to usurp the Court's authority. It is further understood that any substantial assistance is based upon the defendant's full and complete disclosure of *any* and *all* facts relevant to investigations regarding illicit drug activity and truthful testimony should the defendant be called upon to testify. [Emphasis supplied.]

G.S. 90-95(h)(5) provides:

> [T]he sentencing judge *may* reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance. [Emphasis added.]

The reduction of the sentence is in the judge's discretion even if the judge finds substantial assistance was given.

In *State v. Myers and State v. Garris*, 61 N.C. App. 554, 301 S.E. 2d 401 (1983), *cert. denied*, 311 N.C. 767, 321 S.E. 2d 153 (1984), the Court of Appeals held the trial court did not abuse its discretion when it refused to reduce the sentence for the defendant who claimed he provided substantial assistance. The defendant had provided names and information regarding a homicide and drug trafficking to the SBI. The SBI agent in charge of the case stated that the information given was not new, nor did this information result in any convictions. *Myers and Garris*, 61 N.C. App. at 557, 301 S.E. 2d at 403.

The Court set out the standard of review for a court's ruling on substantial assistance. In order to overturn a sentencing decision, the reviewing court must find an "abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Id., quoting State v. Davis*, 58

State v. Willis

N.C. App. 330, 335, 293 S.E. 2d 658, 662, *disc. rev. denied,* 306 N.C. 745, 295 S.E. 2d 482 (1982), *quoting State v. Pope,* 257 N.C. 326, 335, 126 S.E. 2d 126, 133 (1962).

The case of *State v. Baldwin,* 66 N.C. App. 156, 310 S.E. 2d 780, *aff'd,* 310 N.C. 623, 313 S.E. 2d 159 (1984) also points out that G.S. 90-95(h)(5) is a "provision exchanging *potential* leniency for assistance . . . . It is the only provision in the trafficking statutory scheme which gives a sentencing judge the *discretion* not to impose the statutorily mandated minimum sentence and fine." 66 N.C. App. at 159-60, 310 S.E. 2d at 782 (emphasis added). Clearly, the trial court was within its discretionary authority, based upon the State's representation that defendant had not provided substantial assistance, to impose the mandatory minimum sentence.

[3] Defendant also contends the court committed reversible error in the sentencing hearing by allowing hearsay testimony from SBI Agent Corey Duber. The defendant argues that a sentencing hearing where the judge must determine whether or not the defendant provided substantial assistance is a special type of sentencing hearing. Defendant claims this type of hearing is more akin to a mini-trial than a typical sentencing hearing. Defendant argues, therefore, that the Rules of Evidence do not apply to a typical sentencing hearing, but the Rules of Evidence do apply to this particular sentencing hearing.

We do not find this argument persuasive. There is nothing in G.S. 90-95 to indicate the Rules of Evidence apply any differently to this type of sentencing hearing. In keeping with the general rule of such proceedings, the Rules of Evidence do not apply to this sentencing hearing. Agent Duber's statement was properly admitted.

The decision of the trial court is affirmed.

Affirmed.

Judges GREENE and SMITH concur.