STEELMAN, Judge.
 

 Defendant, Travis Shawn Crisp, was charged with two counts of trafficking in methamphetamine by possession, one count of trafficking in methamphetamine by sale, one count of trafficking in methamphetamine by delivery, one count of trafficking in methamphetamine by manufacture, four counts of possession with intent to sell and deliver methamphetamine, four counts of the sale and delivery of methamphetamine, three counts of maintaining a dwelling for controlled substances, two counts of maintaining a vehicle for controlled substances, and one count of possession of drug paraphernalia. Defendant subsequently pled guilty to all of the charges, pursuant to a plea agreement in Clay County SuperiorCourt. The plea agreement provided that all of the charges would be consolidated for judgment into one count of trafficking in methamphetamine and that defendant would receive the statutorily mandated sentence of seventy to eighty-four months imprisonment. The agreement further provided, "[t]he Defendant will be allowed to introduce evidence of substantial assistance at sentencing to reduce his sentence."
 

 In accordance with the plea agreement, defendant's sentencing hearing was held before Judge Ginn on 7 July 2003. Agent Tom Frye of the Multiple Agency Narcotics Unit in Clay County, North Carolina testified on defendant's behalf. Agent Frye testified that he interviewed defendant over a two-day period, during which defendant provided information about his past drug dealings and the name of his methamphetamine source. The agent noted that defendant also provided him with a large amount of historical information about the Clay County drug trade, which resulted indirectly in a number of arrests of others on drug charges. Agent Frye also testified that defendant had been cooperative, had agreed to forfeit over $20,000.00 in money and personal property seized as a result of the search warrant executed on his residence, and had made an excise tax payment of approximately $45,000.00 to the North Carolina Department of Revenue. The agent explained that defendant, however, refused to take an active role in any controlled buys out of fear for his family's safety.
 

 The judge did not make a finding of substantial assistance and sentenced defendant to the statutorily mandated term of seventy toeighty-four months imprisonment. The judge also assessed a $50,000 fine. Defendant appeals.
 

 On appeal, defendant contends the trial court erred in failing to find that he had rendered "substantial assistance" to law enforcement, and failing to reduce his sentence. We disagree.
 

 N.C. Gen. Stat. § 90-95
 
 (h)(5) provides:
 

 (5) Except as provided in this subdivision, a person being sentenced under this subsection may not receive a suspended sentence or be placed on probation. The sentencing judge may reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance.
 

 N.C. Gen. Stat. § 90-95
 
 (h)(5)(2003). It is well settled that the question of whether a defendant renders substantial assistance is within the discretion of the trial court.
 
 State v. Wells,
 

 104 N.C. App. 274
 
 , 276,
 
 410 S.E.2d 393
 
 , 394 (1991). Moreover, even if the court finds that a defendant did render substantial assistance, the very language of
 
 N.C. Gen. Stat. § 90-95
 
 (h)(5) vests the trial court with the discretion to decide not to reduce a defendant's sentence.
 
 State v. Willis,
 

 92 N.C. App. 494
 
 , 498,
 
 374 S.E.2d 613
 
 , 616 (1988),
 
 disc. review denied,
 

 324 N.C. 341
 
 ,
 
 378 S.E.2d 808
 
 (1989).
 

 "In order to overturn a sentencing decision, the reviewing court must find an `abuse of discretion, procedural conductprejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.'"
 

 Id.
 

 (quoting
 
 State v. Myers and State v. Garris,
 

 61 N.C. App. 554
 
 , 557,
 
 301 S.E.2d 401
 
 , 403 (1983),
 
 cert. denied,
 

 311 N.C. 767
 
 ,
 
 321 S.E.2d 153
 
 (1984)). In the instant case, the court heard extensive testimony by Agent Frye regarding defendant's assistance to law enforcement in the investigation of Clay County's illegal drug trade. However, the trial court did not make a finding that defendant rendered "substantial assistance" within the meaning of
 
 N.C. Gen. Stat. § 90-95
 
 (5)(h). Defendant does not reference, and indeed, the record does not reveal, any conduct by the trial court or surrounding circumstances that would meet the standard set out in
 
 Myers and Garris
 
 and quoted in
 
 Willis.
 
 Therefore, the trial court was within its discretionary authority in not finding that defendant rendered "substantial assistance" and thus, not reducing defendant's sentence.
 

 AFFIRMED.
 

 Judges HUDSON and THORNBURG concur.
 

 Report per Rule 30(e).