STATE OF NORTH CAROLINA v. DION MAURICE STEELE, DEFENDANT

No. COA09-498

(Filed 5 January 2010)

**1. Drugs— trafficking in cocaine by possession—motion to dismiss—sufficiency of evidence—constructive possession**

The trial court did not err by denying defendant's motion to dismiss the charge of trafficking in cocaine by possession based on constructive possession and other incriminating evidence including that defendant fled when approached by police officers and he admitted the two packages of cocaine belonged to him.

**2. Sentencing— mitigating factor—failure to show substantial assistance**

The trial court did not abuse its discretion in a trafficking in cocaine by possession case by failing to find that defendant had

offered substantial assistance to mitigate his sentence because the evidence showed that not only did defendant decline a plea bargain seven times, but the information he provided was of little or no use to authorities.

**3. Constitutional Law— right to confrontation—waiver**

The trial court did not err in a trafficking in cocaine by possession case by admitting into evidence a laboratory report that identified the recovered substance as cocaine without having the lab analyst who performed the tests testify because: (1) the State introduced the lab report at trial under N.C.G.S. § 90-95(g); and (2) defendant waived his right to confrontation by failing to object to the report at trial.

**4. Constitutional Law— effective assistance of counsel—failure to object—failure to show different outcome**

Although defendant contends he was denied effective assistance of counsel in a drug case based on defense counsel's failure to challenge the admissibility of a lab report, defendant failed to meet his burden of showing that the outcome of his trial would have been different.

Appeal by defendant from judgment entered 23 July 2008 by Judge Clifton E. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 October 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General Susan K. Nichols, for the State.*

*John T. Hall for defendant-appellant.*

HUNTER, Robert C., Judge.

Dion Maurice Steele ("Defendant") appeals his conviction for trafficking in cocaine by possession, arguing that the trial court (1) erred by denying his motion to dismiss based on the insufficiency of the evidence to show possession; (2) abused its discretion by failing to find defendant had offered substantial assistance to mitigate his sentence; and (3) violated his rights to confrontation and effective counsel when a lab report was introduced into evidence without having the lab technician who performed the tests testify. We conclude that the trial court properly denied defendant's motion to dismiss and that it did not abuse its discretion in finding that defendant failed to provide substantial assistance. We further conclude that defendant

waived his right to confrontation by failing to timely object to the challenged evidence under the applicable notice statute. Consequently, we uphold defendant's conviction.

Facts

The State's evidence tended to show the following facts at trial. On 24 October 2006, police officers with the Charlotte-Mecklenburg Police Department were searching for a suspect at a house owned by defendant's father. When the police officers arrived at the house, they saw an unknown man fitting the suspect's description flee into a wooded area behind the house. The unknown man, who was later identified as defendant, got tangled up in the underbrush and was taken into custody by the police officers.

The police officers did not immediately search the area where they apprehended defendant because the house had not yet been secured. The police officers handcuffed defendant and put him in the back of a police car. Defendant told the police that the house was one of his two residences, and he had fled because of an existing warrant. Defendant gave the police permission to search the house.

While some police officers were searching the house, others searched the area where defendant was apprehended and found a bag of cocaine. A detective then questioned defendant about the bag of cocaine, and defendant told him where he had purchased it, from whom he bought it, in what form he bought it, and that he had, in fact, thrown out two bags of cocaine during the pursuit. The police officers then searched again the area where defendant had been apprehended and found a second bag of cocaine.

The State charged defendant with trafficking in cocaine by possession and for having attained habitual felon status. At trial, a lab report indicating that the seized bags contained cocaine was admitted into evidence without the lab technician who generated the report testifying. On 22 July 2008, the jury found defendant guilty of trafficking in cocaine. Defendant subsequently pled guilty to the charge of having attained habitual felon status. Defense counsel introduced evidence of substantial assistance arising from defendant's offer to assist federal authorities; the trial court found the evidence unpersuasive and sentenced defendant to a presumptive-range term of 93-121 months in prison.

Discussion

*I. Insufficient Evidence*

**[1]** Defendant first argues that it was error to deny his motion to dismiss the charge of trafficking in cocaine by possession because there was insufficient evidence that he ever possessed the cocaine. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged and (2) defendant's being the perpetrator of the offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *Id.* at 597, 573 S.E.2d at 869. On review of a denial of a motion to dismiss, this Court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *Id.* at 596, 573 S.E.2d at 869. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. *Id.*

For the offense of trafficking cocaine by possession, the State is required to prove that defendant "possesse[d] 28 grams or more of cocaine . . . ." N.C. Gen. Stat. § 90-95(h)(3) (2007). Possession of a controlled substance may be actual or constructive. *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." *State v. Reid*, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002). In contrast, constructive possession exists when the defendant, " 'while not having actual possession, . . . has the intent and capability to maintain control and dominion over' the narcotics." *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (quoting *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986)). When a defendant does not have exclusive possession of the location where the drugs are found, the State is required to show "other incriminating circumstances" in order to establish constructive possession. *Id.* at 552, 556 S.E.2d at 271.

In the present case, the State proceeded at trial on the theory that defendant had constructive possession, thus requiring proof of other incriminating circumstances. Defendant argues, however, that the State failed to establish other incriminating circumstances sufficient to support a finding of constructive possession: "There was no physical contact between the defendant and the cocaine. The cocaine was

not found in the defendant's house, on his property or on any premises exclusively controlled by the defendant." Evidence of "physical contact," however, is evidence directed to actual possession, and constructive possession of narcotics may still be established by "other incriminating circumstances" where defendant does not have exclusive possession of the premises where the drugs were found. *Beaver*, 317 N.C. at 648, 346 S.E.2d at 480.

Here, other incriminating circumstances exist. The evidence in the case tends to show that defendant fled when approached by police officers. Police officers found both the first and second packages of cocaine a few feet from where defendant was apprehended in the woods. Defendant admitted that the cocaine found was his and told the detective that there were, in fact, two cocaine packages to be found. Defendant explained from whom he bought the cocaine, where he bought it, how much he paid for it, and in what form he bought it. Further, one of defendant's residences was also only approximately 200-300 feet from where police officers found the two cocaine packages.

This evidence is sufficient to deny defendant's motion to dismiss. *See, e.g., State v. Butler*, 356 N.C. 141, 147-48, 567 S.E.2d 137, 141 (2002) (finding sufficient incriminating circumstances to survive a defendant's motion to dismiss when a taxicab driver felt the defendant "struggling" in the backseat behind him and pushing against the front seat, and the police found drugs under the seat 12 minutes later); *State v. Turner*, 168 N.C. App. 152, 156, 607 S.E.2d 19, 22-23 (2005) (holding evidence of constructive possession sufficient when evidence included defendant's "close proximity to the controlled substance and conduct indicating an awareness of the drugs"); *State v. Neal*, 109 N.C. App. 684, 687-88, 428 S.E.2d 287, 290 (1993) (allowing a jury to infer constructive possession where a defendant ran from a bathroom where cocaine was later discovered); *State v. Harrison*, 93 N.C. App. 496, 498-99, 378 S.E.2d 190, 192 (1989) (holding that constructive possession could be inferred from the incriminating circumstances of a defendant attempting to flee from a room where illegal drugs were found).

When the evidence in the present case is viewed in the light most favorable to the State, as required on a motion to dismiss, there is sufficient evidence of incriminating circumstances to permit a jury to reasonably infer defendant's possession of the cocaine. Therefore, the trial court properly denied defendant's motion to dismiss.

*II. Substantial Assistance*

**[2]** Defendant next argues that the trial court abused its discretion by failing to find that defendant had offered substantial assistance to mitigate his sentence. With respect to a defendant's claim that he or she provided substantial assistance, this Court has held:

> whether a trial court finds that a criminal defendant's aid amounts to substantial assistance is *discretionary*. The reduction of the sentence is also in the judge's discretion, even if the judge finds substantial assistance was given. To overturn a sentencing decision, the reviewing court must find an abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

*State v. Robinson*, 177 N.C. App. 225, 232-33, 628 S.E.2d 252, 256-57 (2006) (internal alterations, citations, and quotation marks omitted). N.C. Gen. Stat. § 90-95(h)(5) provides, in relevant part:

> The sentencing judge *may* reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance.

(Emphasis added.) In other words, N.C. Gen. Stat. 90-95(h)(5) is a "provision exchanging *potential* leniency for assistance. . . . It is the only provision in the trafficking statutory scheme which gives a sentencing judge the *discretion* not to impose the statutorily mandated minimum sentence and fine." *State v. Willis*, 92 N.C. App. 494, 499, 374 S.E.2d 613, 616 (quoting *State v. Baldwin*, 66 N.C. App. 156, 159-60, 310 S.E.2d 780, 782, *aff'd*, 310 N.C. 623, 313 S.E.2d 159 (1984)), *disc. review denied*, 324 N.C. 341, 378 S.E.2d 808 (1989)).

In the present case, defendant sent letters to the District Attorney's office "trying to be of some sort of assistance." Defendant met with federal authorities to look at pictures and discuss certain individuals in which they were interested. According to defense counsel, if defendant would assist federal authorities in controlled buys on the street and plead guilty to the trafficking charge, the prosecutor

would drop defendant's habitual felon charge. The State offered this deal to defendant not once, but seven times. Defendant chose not to accept each time. As a result of the information that defendant did provide to federal authorities by looking at pictures in the initial meeting, defendant's trial counsel admitted that "his assistance did not result in a prosecution or testimony against anyone else[,]" and "I don't think any prosecution came forward with it."

The trial court found "no mitigating factors" regarding defendant's sentencing, but defendant argues that "[u]nder all of the given circumstances, [the trial court's] ruling is so arbitrary that it cannot be the result of a reasoned decision." The evidence tends to show, however, not only that defendant declined the plea bargain seven times, but that the information he provided was of little to no use to authorities. *See State v. Myers and State v. Garris*, 61 N.C. App. 554, 557, 301 S.E.2d 401, 403 (1983) (finding no abuse of discretion by the trial court where the defendant provided SBI agents information and names relating to a homicide and to drug trafficking because, among other reasons, the SBI agent stated that the defendant's information had not revealed any new names or led to any convictions), *cert. denied*, 311 N.C. 767, 321 S.E.2d 153 (1984). The trial court, therefore, did not abuse its discretion by finding that defendant did not offer substantial assistance to mitigate his sentence.

### III. Right to Confrontation

**[3]** Defendant next argues that the trial court erred in admitting into evidence a laboratory report that identifies the recovered substance as cocaine without having the lab analyst who performed the tests testify because defendant was denied his constitutional right to cross-examine the analyst. Defendant also argues that he was denied his Constitutional right to effective assistance of counsel. We disagree with both contentions.

#### A. Right to Confrontation

"The Confrontation Clause of the Sixth Amendment bars admission of testimonial evidence unless the declarant is unavailable to testify and the accused has had a prior opportunity to cross-examine the declarant." *State v. Locklear*, 363 N.C. 438, 452, 681 S.E.2d 293, 304 (2009) (citing *Crawford v. Washington*, 541 U.S. 36, 68, 158 L. Ed. 2d 177, 203 (2004)); *accord State v. Lewis*, 361 N.C. 541, 545, 648 S.E.2d 824, 827 (2007). The United States Supreme Court has held, however, that "[t]he right to confrontation may . . . be waived, including by failure to object to the offending evidence; and States may adopt proce-

dural rules governing the exercise of such objections." *Melendez-Diaz v. Massachusetts*, 557 U.S. ——, —— n.3, 174 L. Ed. 2d 314, 323 n.3 (2009). Regarding these procedural rules,

> [i]n their simplest form, notice-and-demand statutes require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial. . . .

*Id.* at ——, 174 L. Ed. 2d at 331. "It suffices to say that what [the Supreme Court] ha[s] referred to as the 'simplest form [of] notice-and-demand statutes,' . . . is constitutional[.]" *Id.* at —— n.12, 174 L. Ed. 2d at 331 n.12.

North Carolina's relevant notice-and-demand statute provides, in part, that

> a report is admissible in a criminal proceeding in the superior court . . . only if:
>
> > (1) The State notifies the defendant at least 15 days before trial of its intention to introduce the report into evidence under this subsection and provides a copy of the report to the defendant, and
> >
> > (2) The defendant fails to notify the State at least five days before trial that the defendant objects to the introduction of the report into evidence.

N.C. Gen. Stat. § 90-95(g). Under *Melendez-Diaz*, 557 U.S. at n.12, 174 L. Ed. 2d at 331 n.12, because § 90-95(g) only "require[s] the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial[]" and then "the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial[,]" it constitutes the "simplest form [of] notice-and-demand statutes[,]" which is constitutional.

Here, the State expressly introduced the lab report at trial under § 90-95(g). There is no evidence that defendant objected to the admissibility of the lab report before trial, and defendant admits that he failed to object to the report at trial. Thus, defendant waived his right to confront the lab analyst under the Sixth Amendment. *Melendez-Diaz*, 557 U.S. at —— n.3, 174 L. Ed. 2d at 323 n.3.

## B. Ineffective Assistance of Counsel

[4] Defendant next argues that he was deprived of effective assistance of counsel at trial. Defendant, however, failed to make his ineffective assistance of counsel claim the subject of any assignment of error, and, therefore, failed to properly preserve the issue for appellate review. N.C. R. App. P. 10(a) (2007).[1] *See also Dogwood Dev. & Mgmt. Co. LLC v. White Oak Transp. Co.*, 362 N.C. 191, 195-96, 657 S.E.2d 361, 364 (2008) ("[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal.").

Notwithstanding defendant's failure to list this issue in his assignments of error, this Court has examined the record to determine whether any issues of arguable merit regarding the ineffective assistance of counsel claim exist.

> The components necessary to show ineffective assistance of counsel are (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*State v. Garcell*, 363 N.C. 10, 51, 678 S.E.2d 618, 644 (2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693 (1984)). Thus, "if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).

Here, defendant states only that he "was denied his constitutional right[] to effective assistance of counsel. . . . [N]o action was taken at trial to challenge the admissibility of the hearsay statement contained in the lab report in order to preserve the error or to specifically bring the statements to the attention of the trial court." The other evidence

---

1. The assignments of error requirement of Rule 10 has been replaced with "[p]roposed issues on appeal [that] are to facilitate the preparation of the record on appeal and shall not limit the scope of the issue presented on appeal in an appellant's brief." N.C. R. App. P. 10 (2009). The new rule is "effective 1 October 2009 and applies to all cases appealed on or after that date." N.C. R. App. P. 10. Since defendant appealed his convictions prior to 1 October 2009, the newly effective appellate rules do not apply.

against the defendant, however, was overwhelming, as discussed above. The two facts that the lab report established, the identification of the seized substance as crack cocaine and its weight of 59.9 grams, were not critical to the State's case against defendant because evidence was presented tending to show that defendant admitted that the cocaine was his, and that defendant told a detective that it weighed two ounces, which is approximately 56 grams.

In light of this substantial evidence, defendant has not met his burden of showing that the outcome of his trial would have been different had his counsel challenged the admissibility of the lab report. Accordingly, defendant failed to establish any ineffective assistance of counsel.

## Conclusion

Based on the foregoing, we hold that the trial court did not err in denying defendant's motion to dismiss the charge of trafficking in cocaine by possession; in failing to find that defendant had offered substantial assistance; and in allowing the State to enter into evidence a laboratory report without having the lab technician who performed the tests testify. Further, defendant's ineffective assistance of counsel claim is unpersuasive. We, therefore, find no error.

No Error.

Judges CALABRIA and GEER concur.