STATE OF NORTH CAROLINA v. TIMOTHY RAY DOBBS

No. COA10-388

(Filed 7 December 2010)

**1. Sentencing— felony classification—clerical error**

The trial court erroneously classified defendant's conviction for sale and delivery of a Schedule III controlled substance as a Class G felony rather than a Class H felony. This offense was remanded for correction of the clerical error.

**2. Drugs— trafficking by sale or delivery in more than four grams and less than fourteen grams—motion to dismiss— sufficiency of evidence—chemical analysis of pills**

The trial court did not err by denying defendant's motion to dismiss at the close of all evidence the charge of trafficking by sale or delivery in more than four grams and less than fourteen

grams of dihydrocodeinone. Even assuming *arguendo* that defendant had properly preserved his argument that the State was required to test a sufficient number of pills to reach the minimum weight threshold for a trafficking offense, a chemical analysis test of a portion of the pills, coupled with a visual inspection of the remaining pills for consistency, was sufficient to support the conviction.

Appeal by defendant from judgment entered 17 August 2009 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 29 September 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Scott A. Conklin, for the State.*

*Sue Genrich Berry, for defendant-appellant.*

STEELMAN, Judge.

Where the trial court incorrectly noted defendant's conviction of N.C. Gen. Stat. § 90-95(a)(1) as a Class G felony instead of a Class H felony, that offense is remanded for correction of a clerical error. Where defendant attempts to make an argument on appeal that was not made before the trial court, that argument is dismissed.

## I. Factual and Procedural Background

The Brunswick County Sheriff's Department used undercover informants to assist it with combating the illegal sale and distribution of controlled substances. In August of 2008, an undercover informant advised the Brunswick County Sheriff's Department that he could purchase prescription medication from Timothy Ray Dobbs (defendant). A transaction was set up for 12 August 2008 where the informant was to purchase hydrocodone tablets from defendant at defendant's barbershop. After the purchase took place, the informant delivered the tablets he purchased to a deputy with the Brunswick County Sheriff's Department. The tablets were then sent to the North Carolina State Bureau of Investigation (SBI) laboratory for chemical analysis.

On 1 December 2008, defendant was indicted for possession with intent to manufacture, sell, or deliver a Schedule III controlled substance, and for sale and delivery of a Schedule III controlled substance. On 9 March 2009, defendant was indicted for trafficking in opium or an opium derivative by sale or delivery.

Defendant was tried before a jury at the 11 August 2009 session of Criminal Superior Court for Brunswick County. On 17 August 2009, the jury found defendant guilty of all charges. The trial court consolidated the charges and imposed an active sentence of 70 to 84 months imprisonment.

Defendant appeals.

## II. Clerical Error

[1] In his first argument, defendant contends that the trial court erroneously classified Defendant's conviction for sale and delivery of a Schedule III controlled substance as a Class G felony rather than a Class H felony. The State concedes error, and we agree.

Defendant was convicted of the offense of sale or delivery of a Schedule III controlled substance, a violation of N.C. Gen. Stat. 90-95(a)(1). The punishment for this offense is set forth in N.C. Gen. Stat. 90-95(b)(2) as a Class H felony. The judgment entered by the trial court designated this charge as a Class G felony. This classification was in error. Because the judgment entered was a consolidated judgment and the active sentence imposed was based upon the trafficking offense, it is not necessary that there be a new sentencing hearing. Rather we treat this as a clerical error, and remand this matter to the trial court for its correction. *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696-97 (2008).

## III. Sufficiency of the Evidence

[2] In his second argument, defendant contends that the trial court erred in denying his motion to dismiss at the close of all of the evidence based on the sufficiency of the evidence that defendant trafficked by sale or delivery in more than four grams and less than fourteen grams of Dihydrocodeinone. We disagree.

### A. Standard of Review

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (quotation omitted). "Whether the evidence presented constitutes substantial evidence is a question of law for the trial court." *State v. Sexton*, 336 N.C. 321, 361, 444 S.E.2d 879, 902 (citation omitted), *cert. denied*, 513 U.S. 1006, 130 L. Ed. 2d 429 (1994). "Substantial evidence is evidence

from which any rational trier of fact could find the fact to be proved beyond a reasonable doubt." *State v. Sumpter*, 318 N.C. 102, 108, 347 S.E.2d 396, 399 (1986) (citation omitted). In our review of the trial court's decision, "we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992) (citation omitted).

## B. Sufficiency of Evidence

N.C. Gen. Stat. § 90-95(h)(4) provides that:

[a]ny person who sells, manufactures, delivers, transports, or possesses four grams or more of opium or opiate, or any salt, compound, derivative, or preparation of opium or opiate . . . or any mixture containing such substance, shall be guilty of a felony . . . and if the quantity of such controlled substance or mixture involved:

(a)   [i]s four grams or more, but less than 14 grams, such person shall be punished as a Class F felon and shall be sentenced to a minimum term of 70 months and a maximum term of 84 months in the State's prison and shall be fined not less than fifty thousand dollars ($50,000)[.]

N.C. Gen. Stat. § 90-95(h)(4)(a) (2009).

Special Agent Amanda Aharon (Agent Aharon) works as a drug chemist for the SBI. She received the eight tablets sent to the SBI laboratory by the Brunswick County Sheriff's Department. At trial, Agent Aharon was tendered and received, without objection, as an expert witness in the field of chemical analysis. Agent Aharon testified that she first compared the tablets with information contained in a pharmaceutical database. Each tablet was similar in coloration and had an identical pharmaceutical imprint. The pharmaceutical database indicated that the tablets were a combination of hydrocodone and acetaminophen. Agent Aharon then performed a confirmatory test on one of the tablets, using a gas chromatograph mass spectrometer. This test revealed that the tablet was hydrocodone. Hydrocodone is also known as Dihydrocodeinone and is an opiate derivative. The tablets submitted to the laboratory weighed a total of 8.5 grams.

Defendant argues that the evidence was insufficient to convict defendant of a trafficking offense under N.C. Gen. Stat. § 90-95(h)(4) because Agent Aharon only performed a chemical analysis on one of

the tablets. Defendant further contends that Agent Aharon was required to perform a chemical analysis on the number of tablets necessary to reach the four gram threshold set forth in N.C. Gen. Stat. § 90-95(h)(4)(a) to be a trafficking offense.

Defendant relies on *State v. Ward*, 364 N.C. 133, 694 S.E.2d 738 (2010), arguing that the State cannot rely upon a visual inspection of pills to determine that they are a controlled substance. In *Ward*, a number of defendant's convictions were based upon the expert testimony of an SBI special agent, whose opinion was based solely upon a visual examination of tablets, with no chemical testing conducted. *Id.* at 136, 694 S.E.2d at 740. Our Supreme Court held that: "the expert witness testimony required to establish that the substances introduced here are in fact controlled substances must be based on a scientifically valid chemical analysis and not mere visual inspection." *Id.* at 142, 694 S.E.2d at 744. However, the Supreme Court noted that the scope of a chemical analysis is "dictated by whatever sample is sufficient to make a reliable determination of the chemical composition of the batch of evidence under consideration." *Id.* at 148, 694 S.E.2d at 747.

We first note that defendant did not cross-examine Agent Aharon concerning the sufficiency of the sample that was chemically tested. Nor was the sufficiency of the sample argued as a basis for dismissal at the close of either the State's evidence or at the close of all of the evidence. As such, this argument must be dismissed. *See State v. Augustine*, 359 N.C. 709, 721, 616 S.E.2d 515, 525 (2005) ("This Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount . . . ." (quotation omitted)), *cert. denied*, 548 U.S. 925, 165 L. Ed. 2d 988 (2006). We further note that without some evidence in the record as to what was or was not a scientifically sufficient sample to be tested, we could not decide the issue presented by defendant on appeal.

Even assuming *arguendo* that Defendant had properly preserved his argument that the State was required to test a sufficient number of pills to reach the minimum weight threshold for a trafficking offense, we hold that this argument is without merit. In the case of *State v. Myers*, 61 N.C. App. 554, 556, 301 S.E.2d 401, 402 (1983), *cert. denied*, 311 N.C. 767, 321 S.E.2d 153 (1984), it was held that a chemical analysis test of a portion of the pills, coupled with a visual inspection of the remaining pills for consistency, was sufficient to support a conviction for trafficking in 10,000 or more tablets of methaqualone.

**STATE v. DOBBS**

[208 N.C. App. 272 (2010)]

REMANDED FOR CORRECTION OF CLERICAL ERROR IN PART; DISMISSED IN PART.

Judges BRYANT and ERVIN concur.