BRYANT, Judge.
Where defendant failed to proffer a "fair and just reason" for withdrawing his guilty plea, the trial court did not err in denying defendant's motion to withdraw his plea. Where the trial court did not abuse its discretion in determining that defendant did not render substantial assistance to the State pursuant to N.C. Gen. Stat. § 90-95(h)(5), we affirm the order and judgments of the trial court.
On three separate occasions in October and December of 2014, defendant Marcus Anthony Brooks sold varying amounts of heroin to a confidential informant ("CI") working for Detective Scott Newton of the Durham Police Major Crimes Unit. In January 2015, three Durham police officers, including Detective Timothy Thomas who was also working with the Safe Streets Task Force of the Federal Bureau of Investigation ("FBI Task Force"), met with defendant and informed him they knew of the drug sale to the CI. Detective Thomas hoped defendant could help him target a large-scale drug distribution network operating in the area. Defendant testified that, at this meeting, the officers told him, " 'Well, if you want to get out, you need to help us save yourself because you just did 10 years. We know you got a criminal background.... The only way you can get out[ ] [is] if you help us.' "
Following his meeting with the officers, defendant attempted to arrange a narcotics purchase in Durham in January 2015. Despite repeated efforts, defendant's attempts to purchase drugs from the individual were unsuccessful as the individual stopped returning defendant's phone calls.
In February 2015, defendant was arrested in Wake County on charges of shoplifting and possession of heroin. On 18 May 2015, while still jailed in Wake County, Durham County law enforcement officers charged defendant with twenty drug-related felonies relating to heroin sales in Durham in 2014. Defendant remained in Wake County jail on his shoplifting and possession charges until he was released at the end of May 2015.
On 4 June 2015, defendant, with his attorney present, entered into an agreement to plead guilty to the three felony counts underlying this appeal, in return for which the State dismissed the seventeen remaining felony charges. In his plea, defendant, among other things, (1) stipulated that he could read at a high-school level; (2) agreed in writing that the substance seized in each of the three charges underlying his plea was heroin; and (3) acknowledged in writing that he had agreed to plead guilty "as part of a plea agreement." Also as part of the plea, defendant's sentencing hearing was continued.
Following entry of his guilty plea, defendant identified two other individuals from whom he believed he could buy heroin. Defendant was unable to contact one individual, but the video recording of defendant's purchase of two ounces of heroin from the other was insufficient for the FBI Task Force to charge that person. Defendant also informed Detective Thomas of the identity of one man involved in a home invasion, but Detective Thomas testified that this minor burglary arrest was unrelated to the purpose of the FBI Task Force and not the sort of information they had hoped to gain from defendant.
Almost six months later, on 17 December 2015, defendant filed a motion to withdraw his guilty plea. The next day, the Honorable James E. Hardin Jr. heard argument on defendant's motion and, on 30 December 2015, signed a written order denying defendant's motion to withdraw his guilty plea.
On 24 March 2016, defendant appeared before Judge Hardin for sentencing. After a hearing on whether defendant had provided the State with "substantial assistance" within the meaning of N.C. Gen. Stat. § 90-95(h)(5) so as to merit a prison term less than the required minimum term or a suspended sentence, Judge Hardin found defendant had not provided substantial assistance. Judge Hardin sentenced defendant to 90-120 months for trafficking in heroin by sale of 14 to 28 grams, 70-93 months for trafficking in heroin by sale of 4 to 14 grams and 22-36 months for sale of heroin, with all sentences to run consecutively.
Defendant served his brief and filed a petition for writ of certiorari as to his second argument on appeal, which challenged the trial court's determination that he had not provided substantial assistance to the State. The State filed a response to defendant's petition for writ of certiorari and a motion to dismiss defendant's second argument on appeal. As a threshold matter, we address defendant's petition and the State's response and motion to dismiss.
Defendant's Petition for Writ of Certiorari and the State's Motion to Dismiss
This Court has held that where a defendant pleads guilty to drug trafficking charges and receives the statutory sentences for these convictions, the defendant cannot appeal as a matter of right the trial court's determination that he had not supplied substantial assistance to the State. However, this Court can review the issue on the merits pursuant to a writ of certiorari. See State v. Willis , 92 N.C. App. 494, 496, 374 S.E.2d 613, 615 (1988) (granting the State's motion to dismiss the defendant's appeal but also granting certiorari to hear the case on the merits where defendant argued he "render[ed] substantial assistance to the State and should have received a sentence less than the mandatory minimum sentence"). Accordingly, we grant the State's motion to dismiss defendant's second issue on appeal-whether the trial court erred in failing to find that defendant had provided substantial assistance to the State-but grant defendant's petition for writ of certiorari to hear the issue on its merits. See id.
_________________________
On appeal, defendant argues (I) the trial court erred in denying his motion to withdraw his guilty plea. In his petition for writ of certiorari, defendant also argues (II) the trial court erred in failing to find that defendant provided substantial assistance to the State.
I
Defendant first argues the trial court erred in denying his motion to withdraw his guilty plea because defendant presented a fair and just reason for doing so. Specifically, defendant contends the actual terms of his plea agreement were never clear, defendant was confused as to its actual terms and, therefore, defendant should have been allowed to withdraw his plea. We disagree.
[U]nder N.C.G.S. § 15A-1444(e), a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw his guilty plea.
State v. Pimental , 153 N.C. App. 69, 73, 568 S.E.2d 867, 870 (2002) (citations omitted). Here, defendant is entitled to appellate review as of right as he is appealing the denial of his motion to withdraw his guilty plea. "In reviewing a decision of the trial court to deny defendant's motion to withdraw, the appellate court does not apply an abuse of discretion standard, but instead makes an 'independent review of the record.' " State v. Marshburn , 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993) (quoting State v. Handy , 326 N.C. 532, 539, 391 S.E.2d 159, 163 (1990) ).
"Although there is no absolute right to withdraw a plea of guilty, a criminal defendant seeking to withdraw such a plea, prior to sentencing, is 'generally accorded that right if he can show any fair and just reason.' " Id. at 107-08, 425 S.E.2d at 717 (quoting Handy , 326 N.C. at 536, 391 S.E.2d at 161 ). "If the motion to withdraw is made at a 'very early stage of the proceedings, [the motion] should be granted with liberality.' " Id. at 108, 425 S.E.2d at 717 (alteration in original) (quoting Handy , 326 N.C. at 537, 391 S.E.2d at 162 ). "The defendant has the burden of showing that his motion to withdraw is supported by some 'fair and just reason.' " Id. (quoting State v. Meyer , 330 N.C. 738, 743, 412 S.E.2d 339, 342 (1992)).
"Whether the reason is 'fair and just' requires a consideration of a variety of factors." Id. (citation omitted).
Some of the factors which favor withdrawal include whether the defendant has asserted his legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times. Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration.
Meyer , 330 N.C. at 743, 412 S.E.2d at 342 (quoting Handy , 326 N.C. at 539, 391 S.E.2d at 163 ). "After a defendant has come forward with a 'fair and just reason' in support of his motion to withdraw, the State 'may refute the movant's showing by evidence of a concrete prejudice to its case by reason of the withdrawal of the plea.' " Id. (quoting Handy , 326 N.C. at 539, 391 S.E.2d at 163 ).
In the instant case, by order entered 4 January 2016, the trial court made the following findings of fact regarding defendant's motion to withdraw his plea of guilty:
1. That the gravamen of the defendant's motion and arguments is that there was no, "meeting of the minds" as to the agreement between the defendant and the State of North Carolina. Specifically, the defendant states that the prosecutor in this matter agreed to give him probation if he provided "substantial assistance" in matters associated with this case or others. The defendant's testimony and statements on this issue are directly contrary to the law of North Carolina regarding the authority of a prosecutor. Additionally, the defendant states that there was no agreed upon and specific amount of effort enforcing violations of the law for which he could assist law enforcement authorities which would constitute "substantial assistance" and, accordingly, there was no agreement as to this between the parties.
2. The court specifically finds that the statements and evidence offered through the testimony of the defendant regarding the substance of his claims are not credible. The uncontroverted facts show that the defendant was represented by counsel, Elizabeth Curran, who was present in each meeting that occurred between the defendant and the representatives of the State of North Carolina. That there being no evidence presented through counsel for the defendant as to the content of those meetings, the Court must consider that significant evidentiary deficit in determining the credibility of the defendant.
3. The court specifically finds that Elizabeth Curran was appointed by the Public Defender of this district to represent the defendant on the 13th of April of 2015.
4. That the defendant has numerous contacts with the justice system involving serious felony offenses for which the defendant has been convicted over a 25-year period. Based upon a review of that record it is clear to the Court that the defendant has significant involvement in the justice system and, accordingly, has significant familiarity with the court process, the justice system, and the authorities, and responsibilities of each of the parties who have a role in the justice system.
5. There are no indications in the transcript provided as State's Exhibit 1 and in the written transcript as executed between the parties and Judge Hudson that the defendant had any questions of Judge Hudson regarding any aspect of his "open" plea. The evidence is clear that the defendant received substantial charge considerations in his agreement with the State of North Carolina and that sentencing was to be left to the complete discretion of the court.
6. That the period of time between June 4, 2015 and the filing of the defendant's Motion to Withdraw his Pleas of Guilty is a significant length of time. And, that the time between when the defendant was charged with the subject crimes and was appointed an attorney with the entry of this plea before Judge Orlando F. Hudson, Jr. on June 4, 2015, is also a significant period and that there is no evidence to suggest that the plea of the defendant was entered in "haste" and without full contemplation of its effect.
7. That the defendant has made no claim of "legal innocence" in his motion. That the Court does note the three stipulations made by the defendant and his legal counsel as to the composition of substances purchased from the defendant on three separate occasions. Two of which are for trafficking amounts of a Schedule I Controlled Substance (heroin) and for a single occasion of a non-trafficking amount of a Schedule I Controlled Substance (heroin). That there also is no claim made by the defendant calling into question the strength of the State's cases in any of these charges.
8. That there is no claim of "ineffective assistance of counsel" or that counsel did not completely represent the defendant in all aspects of his case up to the point of Ms. Curran's discharge by the court. That Ms. Curran was discharged as the defendant's lawyer for the singular purpose of her maternity leave during a period when this case would have been resolved consistent with Judge Hudson's entry of pray[er] for judgment continued.
Based on the foregoing findings of fact, the trial court concluded as a matter of law that "defendant ha[d] failed to show a 'fair and just reason' for the Court to allow [his] Motion to Withdraw his Pleas of Guilty ...."
We have made an independent review of the record and the trial court's findings and determine that none of the factors favoring withdrawal of defendant's guilty plea are present. Defendant did not assert his "legal innocence," and made no attempt to question the strength of the State's cases with regard to any of his charges; indeed, he stipulated to the fact that substances he sold on three separate occasions were heroin. Neither did defendant argue that he had incompetent counsel, nor did he contend that he misunderstood the consequences of his plea. Rather, he repeatedly stated there was "no meeting of the minds" as to his plea agreement. Lastly, defendant's motion to withdraw his guilty pleas came more than six months after he pleaded guilty. Compare Meyer , 330 N.C. at 744-45, 412 S.E.2d at 343 (finding that the defendant did not proffer a fair and just reason why he should be permitted to withdraw his guilty plea where, inter alia , the defendant's motion to withdraw came "more than three and one-half months after he pleaded guilty" and he did not assert his "legal innocence"), with Handy , 326 N.C. at 540-42, 391 S.E.2d at 163-65 (vacating and remanding for a disposition on a new plea where, inter alia , the defendant asserted his legal innocence and sought to withdraw his guilty plea less than twenty-four hours after he initially offered it).
Thus, based on our independent review of the record, Marshburn , 109 N.C. App. at 108, 425 S.E.2d at 718 (citation omitted), we conclude that defendant has failed to proffer a "fair and just reason" why he should be permitted to withdraw his guilty pleas; therefore, the trial court did not err by denying defendant's motion.
II
On writ of certiorari, we address whether the trial court erred in failing to find that defendant provided substantial assistance to the State. Specifically, defendant contends the trial court failed to take certain facts into account and that its failure to find substantial assistance under the circumstances was an abuse of discretion. As a result, defendant contends he is entitled to a new sentencing hearing. We disagree.
The determination by the trial court of whether the defendant provided substantial assistance is within the court's discretion. State v. Wells , 104 N.C. App. 274, 276, 410 S.E.2d 393, 394 (1991) (citation omitted). The decision to reduce a defendant's sentence is also in the trial court's discretion, even if the trial court finds that substantial assistance was given. Willis , 92 N.C. App. at 498, 374 S.E.2d at 616. A trial court's decision not to find substantial assistance will be reviewed only for "an abuse of discretion, procedural conduct prejudicial to [the] defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." Id. (citations omitted); see State v. Perkerol , 77 N.C. App. 292, 301, 335 S.E.2d 60, 66 (1985) (noting that a finding of substantial assistance "is permissive, not mandatory," and a "defendant has no right to a lesser sentence even if he does provide what he believes to be substantial assistance").
The sentencing judge may ... impose a prison term less than the applicable minimum prison term provided by this subsection, ... when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals....
N.C. Gen. Stat. § 90-95(h)(5) (2015). Where the information a defendant provides is of little or no use to authorities, a trial court is well within its discretion to determine that a defendant did not render substantial assistance under N.C.G.S. § 90-95(h)(5). See State v. Steele , 201 N.C. App. 689, 694, 689 S.E.2d 155, 160 (2010) (" N.C. Gen. Stat. 90-95 is a 'provision exchanging potential leniency for assistance. ... It is the only provision in the trafficking statutory scheme which gives a sentencing judge the discretion not to impose the statutory mandated minimum sentence and fine.' " (alteration in original) (quoting Willis , 92 N.C. App. at 499, 374 S.E.2d at 616 )).
In the instant case, the FBI Task Force hoped that defendant would provide evidence of organized crime, including a large drug-dealing network. Defendant tried but failed to buy drugs from two individuals, and although defendant succeeded in buying a small amount of heroin from one individual, the evidence produced as a result of the sale was insufficient to support prosecution. Additionally, the fact that the individual "was out of heroin" and out of cocaine when defendant contacted him to arrange a buy signaled to the agent that this individual "was a lower level dealer than portrayed" and not the primary target for the FBI Task Force. The single arrest that did occur as a result of information provided by defendant to the State was for breaking and entering, and was unrelated to the mission of the FBI Task Force. Therefore, there is little to no evidence that defendant provided substantial assistance.
Despite defendant's argument to the contrary-that his attempts to assist law enforcement were circumscribed by his fears for his own safety-the trial court did not abuse its discretion in concluding that defendant failed to provide substantial assistance under N.C.G.S. § 90-95(h)(5). Accordingly, defendant's argument is overruled. The judgments of the trial court are
AFFIRMED.
Report per Rule 30(e).
Judges INMAN and ZACHARY concur.