STATE OF NORTH CAROLINA v. ROY CECIL BALDWIN

No. 8323SC122

(Filed 17 January 1984)

**Narcotics § 5— failure to consider ameliorating circumstance under leniency provision of drug trafficking law error**

    The trial court erred in failing to consider defendant's aid to law enforcement officers as an ameliorating circumstance under the leniency provisions of the Drug Trafficking law, G.S. 90-95(h)(5), where defendant had rendered substantial assistance to law enforcement officials in four states and his efforts had resulted in several arrests and drug charges and had endangered defendant's life. The trial court erroneously read the statute to limit its consideration of defendant's "substantial assistance" to assistance in the case being heard only.

    Judge HEDRICK dissents.

APPEAL by defendant from *Mills, Judge.* Judgment entered 23 September 1982 in Superior Court, WILKES County. Heard in the Court of Appeals 18 October 1983.

*Attorney General Edmisten, by Associate Attorney General Walter M. Smith, for the State.*

*William C. Gray, Jr., for defendant appellant.*

BECTON, Judge.

Defendant appeals from judgment imposing a seven-year prison sentence for violations of the Drug Trafficking laws and the denial of his motion for appropriate relief based on the trial court's failure to consider his aid to law enforcement officers as an ameliorating circumstance under the leniency provision of the Drug Trafficking law, N. C. Gen. Stat. § 90-95(h)(5)[1] (Supp. 1983).

I

On 10 May 1982, defendant, Roy Baldwin, a Virginia resident, and two co-defendants, Dean and Taylor, were arrested when

---

    1. The current G.S. § 90-95(h)(5) is an amended version of G.S. § 90-95(h)(6). Because of confusion as to the effective date of the amendment at the time of publication, the 1981 edition of Volume 2C of the N. C. General Statutes, containing G.S. § 90-95, referred to both versions.

they tried to sell State Bureau of Investigation agents a quarter pound of cocaine in an undercover drug buy.

After defendant's arrest, John Stubbs, a Special Agent with the State Bureau of Investigation, along with law enforcement officers from the Wilkes County Sheriff's Department and from Virginia, arranged for defendant to return to Virginia to help them in a "joint effort." The law enforcement officials gained defendant's assistance by suggesting that the sentencing judge would have the discretion to impose a trafficking sentence below the statutorily mandated minimum based on defendant's assistance.

Defendant infiltrated a motorcycle gang active in Virginia and Tennessee. His efforts resulted in several arrests and drug charges. Taylor, his co-defendant, who had also offered to aid law enforcement officials, ended defendant's effectiveness in the motorcycle gang and endangered defendant's life when he told the gang members about defendant's cooperation with the police.

Moreover, defendant aided law enforcement officials by making a statement at the time of his arrest which detailed the roles of each co-defendant and implicated Dean as the source of the cocaine seized. The defendant's statement compelled Dean to give the authorities his source in Florida and names of persons in other states.

On 21 September 1982, defendant pled guilty to one count of felonious conspiracy to traffic in cocaine and one count of felonious trafficking in cocaine by possession and transportation. As part of the plea bargain, the charges were consolidated for the purpose of sentencing and another trafficking charge was dismissed. After the sentencing hearing, defendant was sentenced to seven years, the mandatory minimum, and fined $50,000. Defendant filed a motion for appropriate relief, requesting a plenary hearing and to have the plea stricken or, in the alternative, to post appeal bond and appeal to the appellate court for an interpretation of G.S. § 90-95(h)(5). Defendant's attorney argued that, in plea bargaining, defendant had been under the impression that his aid to law enforcement officials would qualify under G.S. § 90-95(h)(5). The evidence at the sentencing hearing and the plenary hearing tended to show that defendant had rendered substantial assistance to law enforcement officials in North Carolina, Virginia, Tennessee and Florida. From the trial court's

denial of defendant's motion and request for a new trial, defendant appeals.

## II

Defendant first assigns error to the trial court's interpretation of the phrase "any accomplices, accessories, co-conspirators, or principals" in G.S. § 90-95(h)(5). G.S. § 90-95(h)(5) reads, in pertinent part, as follows:

> [T]he sentencing judge may reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance.

Here the trial court, in denying defendant's motion for appropriate relief, made the following finding of fact:

> (4) That the defendant did furnish aid to the officers in the State of North Carolina, States of Virginia, Tennessee and Florida concerning drug law violations; however, this assistance did not deal with the identification, arrests, or conviction of any accomplices, accessories, co-conspirators or principals in these cases.

It is clear from the trial court's comments during the sentencing hearing and its finding of fact number 4 that the court read the statute to limit its consideration of defendant's "substantial assistance" to assistance in the case being heard. Defendant argues that the "accomplices, accessories, co-conspirators, or principals" need not be involved in the case for which the defendant is being sentenced, and that G.S. § 90-95(h)(5) therefore permits the trial court to consider defendant's "substantial assistance" in other cases. We agree.

Criminal statutes must be strictly construed. *State v. Ross*, 272 N.C. 67, 157 S.E. 2d 712 (1967). The ambiguity inherent in the phrase "any accomplices, accessories, co-conspirators, or principals" must be resolved by judicial construction to ascertain the

legislative intent. *In re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978). The legislative intent

> is to be ascertained by appropriate means and *indicia*, such as the purposes appearing from the statute taken as a whole, the phraseology, the words ordinary or technical, the law as it prevailed before the statute, the mischief to be remedied, the remedy, the end to be accomplished, statutes in *pari materia*, the preamble, the title, and other like means. . . .

*Id.* at 239, 244 S.E. 2d at 389 (quoting *State v. Partlow*, 91 N.C. 550, 552 (1884)).

To discern the legislative intent underlying G.S. § 90-95(h)(5), we look first at the legislative intent in enacting the trafficking statutes, N. C. Gen. Stat. §§ 90-95(h) and (i). Our legislature enacted the trafficking statutes in 1979 under the title "An Act to Control Trafficking in Certain Controlled Substances." 1979 N.C. Sess. Laws, Ch. 1251. The title of the act and the mandatory sentences coupled with harsh fines for the sale, manufacture, delivery, transportation or possession of larger amounts of certain controlled substances or conspiracy to do any of the above reveal the legislative intent to deter drug-trafficking networks. "Our legislature has determined that certain amounts of mixtures containing controlled substances indicate an intent to distribute on a large scale. . . . The penalties for sales of such amounts, therefore, are harsher. . . ." *State v. Tyndall*, 55 N.C. App. 57, 60-61, 284 S.E. 2d 575, 577 (1981).

Yet, at the same time, our legislature recognized that the system of mandatory sentences coupled with harsh fines is not alone sufficient to "deter the corrupting influence of drug dealers and traffickers." *State v. Anderson*, 57 N.C. App. 602, 606, 292 S.E. 2d 163, 165, *disc. review denied*, 306 N.C. 559, 294 S.E. 2d 372 (1982). The nature of the crime—"the mischief to be remedied"—dictates the methods used. Trafficking relies on complex, interwoven networks. A principal in one network may be an accomplice in another. To effectively combat trafficking, police authorities need information on, and access to, the myriad of drug-dealing activities in the various networks. Built into the trafficking statutes is a bargaining tool, G.S. § 90-95(h)(5), a provision exchanging potential leniency for assistance from those who have easy access to drug networks. It is the only provision in the traf-

ficking statutory scheme which gives a sentencing judge the discretion not to impose the statutorily mandated minimum sentence and fine.

We are reinforced in our interpretation of the leniency provision in our trafficking statutes by the Florida Supreme Court's analysis of the purpose behind that state's similar trafficking statutes. *See State v. Benitez*, 395 So. 2d 514 (Fla. 1981). The Florida Supreme Court discussed the Florida leniency provision,[2] in light of the overall intent of its trafficking statutes:

> Section 893.135 was enacted to assist law enforcement authorities in the investigation and prosecution of illegal drug trafficking at all levels of distribution, from the importer-organizer down to the 'pusher' on the street. The harsh mandatory penalties of subsection (1), ameliorated by the prospect of leniency in subsection (3), were clearly calculated to provide a strong incentive for drug violators to cooperate with law enforcement authorities and become informers.

*Id.* at 517.

In upholding the constitutionality of the leniency provision, the *Benitez* court stated: "Nothing in the statute suggests that 'substantial assistance' *must* incriminate the defendant of crimes other than those for which he has already been convicted (and for which no fifth amendment privilege is obviously necessary). We acknowledge the risk of prosecution in other jurisdictions." *Id.* at 519 (emphasis added). The Florida Supreme Court's refusal to limit the application of the leniency provision to "substantial assistance" in the same case mirrors what we perceive to be our legislature's intent.

The trial court's failure to exercise its discretion under G.S. § 90-95(h)(5), based on a misinterpretation of the statute, constitutes error. *State v. Lang*, 301 N.C. 508, 272 S.E. 2d 123 (1980).

---

2. Fla. Stat. Ann. § 893.135(3) (West 1983) reads, in pertinent part, as follows:

(3) The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals.

Since there was evidence of defendant's "substantial assistance" before the trial court, the error was prejudicial. We, therefore, order the matter remanded for a new sentencing hearing. We need not address defendant's other assignments of error.

Remanded for resentencing.

Judge EAGLES concurs.

Judge HEDRICK dissents.