IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-533

 No. COA20-763

 Filed 5 October 2021

 Guilford County, Nos. 16 CRS 91764, 91767; 18 CRS 67753

 STATE OF NORTH CAROLINA

 v.

 KENNETH ANTON ROBINSON

 Appeal by defendant from judgment entered 11 July 2019 by Judge Gregory R.

 Hayes in Guilford County Superior Court. Heard in the Court of Appeals

 10 August 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Brenda
 Rivera, for the State.

 Richard J. Costanza for defendant-appellant.

 ARROWOOD, Judge.

¶1 Kenneth Anton Robinson (“defendant”) appeals from judgment entered upon

 defendant’s guilty plea to trafficking in opium by possession and possession of a

 firearm by a felon. We dismiss defendant’s appeal and by writ of certiorari find no

 error.

 I. Background
 STATE V. ROBINSON

 2021-NCCOA-533

 Opinion of the Court

¶2 On 6 February 2017, a Guilford County grand jury indicted defendant on

 charges of trafficking in opium by possession and possession of a firearm by a felon.

 Defendant was indicted with an additional charge of trafficking in opium by

 possession on 7 May 2018.

¶3 The trial court heard defendant’s motion to suppress at a hearing on

 8 July 2019. At the hearing, the trial court heard testimony that law enforcement

 officers with the Greensboro Police Department executed a search warrant at

 defendant’s residence on 16 December 2016. The law enforcement officers were

 equipped with body-worn cameras and had the cameras activated prior to entering

 the residence. During the initial entry of the residence, a law enforcement officer

 conducted a walk-through of the property with their body-worn camera activated.

 After the walk-through, the supervising officer directed the other officers to turn off

 their body-worn cameras.

¶4 The State introduced a copy of the Greensboro Police Department’s

 departmental directives regarding body-worn cameras. The directive requires body-

 worn cameras to be used during the execution of search warrants, but also allows

 officers to turn off their cameras if directed to do so by a supervising officer.

¶5 The trial court denied the motion to suppress by order entered 10 July 2019.

 In doing so, the trial court found that turning off the body-worn cameras was not done

 in bad faith and that no materially exculpatory evidence was lost; only potentially
 STATE V. ROBINSON

 2021-NCCOA-533

 Opinion of the Court

 useful evidence was lost.

¶6 On 9 July 2019, defendant entered guilty pleas to two charges of trafficking in

 opium by possession and one charge of possession of a firearm by a felon. In the

 factual basis, the State noted that defendant was present at the search at issue in the

 motion to suppress as well as a later search on 7 February 2018. During the

 sentencing hearing, the trial court declined defendant’s invitation to make a

 substantial assistance deviation from the mandatory minimum sentence but did note

 defendant’s assistance following his 16 December 2016 arrest. The trial court

 consolidated the charges into a single judgment and imposed an active sentence of 90

 to 120 months in prison.

¶7 Defendant filed written notice of appeal 17 July 2019. Defendant additionally

 filed a petition for writ of certiorari on 29 December 2020.

 II. Discussion

 A. Appellate Jurisdiction

¶8 Under N.C. Gen. Stat. § 15A-979, a defendant entering notice of appeal

 following the denial of a motion to suppress is required to either include in the plea

 transcript a statement reserving the right to appeal the trial court’s judgment, or to

 orally advise the trial court and prosecutor before the conclusion of plea negotiations

 that the defendant intended to appeal the trial court’s judgment. See State v. Brown,

 217 N.C. App. 566, 569, 720 S.E.2d 446, 449 (2011). Because the plea transcript is
 STATE V. ROBINSON

 2021-NCCOA-533

 Opinion of the Court

 silent as to defendant’s intent to appeal the trial court’s judgment, defendant has

 failed to preserve his appeal. Defendant’s appellate counsel has filed a petition for

 writ of certiorari requesting appellate review of the trial court’s judgment under Rule

 21 of the North Carolina Rules of Appellate Procedure.

¶9 Rule 21 provides that “writ of certiorari may be issued in appropriate

 circumstances . . . to permit review of the judgments and orders of trial tribunals

 when the right to prosecute an appeal has been lost by failure to take timely action[.]”

 N.C.R. App. P. 21. This Court has previously granted petitions for writ of certiorari

 where, as here, “[d]efendant lost [their] right to appeal through no fault of [their] own

 but rather due to [their] trial counsel’s failure to give proper notice of appeal.” State

 v. Holanek, 242 N.C. App. 633, 640, 776 S.E.2d 225, 232 (2015). In such

 circumstances, the defendant’s appeal is dismissed and this Court issues writ of

 certiorari to address the merits of the defendant’s argument. Id. (citing In re I.T.P-L.,

 194 N.C. App. 453, 460, 670 S.E.2d 282, 285 (2008)). Because defendant has lost the

 right to appeal without fault, we dismiss his appeal and exercise our discretion to

 grant defendant’s petition for writ of certiorari and address the merits of defendant’s

 appeal.

 B. Anders Brief

¶ 10 Defendant’s appellate counsel could not “identify any meritorious issues that

 could support a meaningful argument for relief on appeal[,]” and requests this Court
 STATE V. ROBINSON

 2021-NCCOA-533

 Opinion of the Court

 review the record on appeal for any issues of merit, pursuant to Anders v. California,

 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and State v. Kinch, 314 N.C. 99, 331 S.E.2d

 665 (1985). In order to comply with Anders, appellate counsel was required to file a

 brief referring any arguable assignments of error, as well as provide defendant with

 copies of the brief, record, transcript, and the State’s brief. Kinch, 314 N.C. at 102,

 331 S.E.2d at 666-67. Defendant’s counsel has done so and accordingly has fully

 complied with Anders and Kinch. Defendant did not file a pro se brief with this Court.

¶ 11 Pursuant to Anders, this Court must conduct “a full examination of all the

 proceedings[,]” including a “review [of] the legal points appearing in the record,

 transcript, and briefs, not for the purpose of determining their merits (if any) but to

 determine whether they are wholly frivolous.” Kinch, 314 N.C. at 102-103, 331 S.E.2d

 at 667 (citation omitted). Defendant’s appellate counsel submitted the following legal

 points: (1) whether the indictments were sufficient to confer jurisdiction upon the

 trial court; (2) whether the trial court erred in denying the motion to suppress; (3)

 whether there was a sufficient factual basis for the plea; and (4) whether the trial

 court erred in sentencing defendant. We agree with defendant’s appellate counsel

 that it is frivolous to argue these issues.

¶ 12 In this case, the indictments against defendant were legally sufficient and

 conferred jurisdiction upon the trial court, as they gave defendant sufficient notice of

 the charges against him. See State v. Harris, 219 N.C. App. 590, 592-93, 724 S.E.2d
 STATE V. ROBINSON

 2021-NCCOA-533

 Opinion of the Court

 633, 636 (2012).

¶ 13 There was competent evidence to support the trial court’s denial of defendant’s

 motion to suppress. The circumstances of the search reflect that defendant was

 aware of and cooperating in the search and was on notice of the execution of the

 warrant. The video evidence of the warrant execution also shows that the law

 enforcement officers announced their presence before entering the residence, with

 defendant standing nearby. Furthermore, the officers executing the search complied

 with departmental guidelines and directives in turning off their body-worn cameras.

 The trial court properly found that the law enforcement officers did not act in bad

 faith by turning off their body-worn cameras and that only potentially useful evidence

 was lost.

¶ 14 The transcript reflects the factual basis for the plea was sufficient for each

 charge in the judgment. The factual basis included a thorough recitation of the

 evidence presented at the suppression hearing and addressed all charges to which

 defendant pleaded guilty.

¶ 15 Finally, the trial court did not err in sentencing defendant to the mandatory

 minimum sentence pursuant to the structured sentencing chart. Although

 defendant’s trial counsel argued that defendant’s sentence should be mitigated due

 to substantial assistance, the trial court chose to credit defendant with substantial

 assistance by consolidating the charges for the 7 February 2018 event into one
 STATE V. ROBINSON

 2021-NCCOA-533

 Opinion of the Court

 offense. The trial court did not err in concluding that defendant’s efforts did not rise

 to the level of substantial assistance to be applied to multiple offenses.

¶ 16 Apart from the potential issues provided by defendant’s appellate counsel, our

 review of the record has revealed no other arguable issues. Accordingly, we hold the

 trial court did not err in denying defendant’s motion to suppress and in sentencing

 defendant along statutory guidelines.

 III. Conclusion

¶ 17 For the foregoing reasons, we dismiss defendant’s appeal, grant defendant’s

 petition for writ of certiorari, and find no error.

 DISMISSED, NO ERROR.

 Judge GRIFFIN concurs.

 Judge MURPHY dissents by separate opinion.
 No. COA20-763 – State v. Robinson

 MURPHY, Judge, dissenting.

¶ 18 When we conduct an Anders review of the Record and identify an issue of

 arguable merit, we may remand for the appointment of new appellate counsel to

 provide briefing on that issue. Here, Defendant’s appellate counsel was unable to

 identify any issues of potential merit for appeal and requested that we examine the

 Record in accordance with Anders. After conducting such an examination of the

 Record, I have identified multiple issues of arguable merit—the application of

 Defendant’s substantial assistance to sentence mitigation under N.C.G.S. § 90-

 95(h)(5), and whether law enforcement’s execution of the search warrant violated the

 notice requirements of N.C.G.S. § 15A-249. Accordingly, I would remand for the

 appointment of new appellate counsel to provide briefing on these, and any other,

 issues of potential merit.

 BACKGROUND

¶ 19 The Greensboro Police Department arrested Defendant Kenneth Anton

 Robinson for trafficking “opium or heroin” by possession and possession of a firearm

 by a felon on 16 December 2016. Defendant was indicted for these charges on 6

 February 2017. After his release from custody, Defendant was also arrested for a

 second charge of trafficking “opium or heroin” by possession on 7 February 2018.

 Defendant was indicted for the second charge on 7 May 2018.
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

¶ 20 Defendant moved to suppress evidence related to the 16 December 2016

 offenses that the Greensboro Police Department obtained via execution of a search

 warrant on that date. The trial court held a suppression hearing on 8 July 2019 and

 denied Defendant’s motion to suppress. Without retaining his right to challenge the

 order denying his motion to suppress, Defendant subsequently pled guilty to all three

 charges on 9 July 2019. The trial court consolidated the convictions into one

 judgment, the Class E felony of trafficking in opium by possession for the 7 February

 2018 charge. Defendant received an active sentence of 90 to 120 months in

 accordance with the mandatory minimum sentence of N.C.G.S. § 90-95(h)(4).

¶ 21 Defendant filed a Notice of Appeal on 17 July 2019, but in his Petition for Writ

 of Certiorari, Defendant’s appellate counsel concedes

 Defendant (and his trial counsel) failed to preserve []
 Defendant’s right to appeal. Specifically, [] Defendant did
 not comply with [N.C.G.S.] § 15A-979[,] . . . [which]
 requires a defendant entering notice of appeal following the
 denial of a motion to suppress to (1) include in the plea
 transcript a statement reserving the right to appeal the
 trial court’s judgment, or (2) to orally advise the trial court
 and prosecutor before plea negotiations have ended that []
 Defendant intends to appeal the judgment.

 Defendant’s appellate counsel petitioned this Court on 29 December 2020 to issue a

 writ of certiorari for the review of the 9 July 2019 judgment.

¶ 22 In his no-merit brief on appeal pursuant to Anders v. California, 386 U.S. 738,

 18 L. Ed. 2d 493, reh’g denied, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967) and State v.
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985), Defendant’s appellate counsel stated he

 had

 examined the trial court record and relevant cases and
 statutes and is unable to identify any meritorious issues
 that could support a meaningful argument for relief on
 appeal. As such, appellate counsel respectfully asks the
 Court to examine the [R]ecord on appeal for possible
 prejudicial error and to determine whether counsel
 overlooked any meritorious issues.

 In response, the State moved to dismiss Defendant’s appeal. According to the State,

 “no reversible error appears on the face of the [R]ecord[,]” and it argues we should

 deny Defendant’s Petition for Writ of Certiorari. I disagree with Defendant’s

 appellate counsel’s review of the Record, as well as the Majority’s analysis of the

 issues of arguable merit, and would withhold my decision on the bulk of Defendant’s

 Petition for Writ of Certiorari.

 ANALYSIS

¶ 23 In accordance with Anders, we fully examine the Record to identify any issues

 of arguable merit. Anders, 386 U.S. at 744, 18 L. Ed. 2d at 498 (holding that if a court

 “finds any of the legal points arguable on their merits (and therefore not frivolous) [in

 a case in which an Anders brief was filed] it must, prior to decision, afford the indigent

 the assistance of counsel to argue the appeal”). With respect to Anders briefs, North

 Carolina defines a frivolous appeal as “[o]ne in which no justiciable question has been

 presented and appeal is readily recognizable as devoid of merit in that there is little
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 prospect that it can ever succeed.” Kinch, 314 N.C. at 102 n.1, 331 S.E.2d at 667 n.1

 (1985) (citing Frivolous Appeal, Black’s Law Dictionary (5th ed. 1979)).

¶ 24 While the Majority relies on the proper standard for Anders, it fails to properly

 apply it. Supra at ¶¶ 10-16. The blanket assertions that the trial court did not err

 in its analysis of the search warrant execution and application of substantial

 assistance to mitigate sentencing do not obviate the need for further briefing under

 Anders. Supra at ¶¶ 13, 15.

 A. Possible Meritorious Issues on Appeal

 1. Sentencing

¶ 25 In my examination of the Record, I have identified the following issue of

 arguable merit: whether the trial court abused its discretion by applying Defendant’s

 “substantial assistance” to only one case under N.C.G.S. § 90-95(h)(5) in light of State

 v. Baldwin. State v. Baldwin, 66 N.C. App. 156, 158, 310 S.E.2d 780, 781, aff’d per

 curiam, 310 N.C. 623, 313 S.E.2d 159 (1984); N.C.G.S. § 90-95(h)(5) (2019).

¶ 26 N.C.G.S. § 90-95(h) governs controlled substance trafficking charges, including

 the mandatory sentencing range for violations of the statute. N.C.G.S. § 90-95(h)

 (2019). N.C.G.S. § 90-95(h)(5) provides the following regarding mitigation of

 sentences for violations of the statute:

 Except as provided in this subdivision, a person being
 sentenced under this subsection may not receive a
 suspended sentence or be placed on probation. The
 sentencing judge may reduce the fine, or impose a prison
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 term less than the applicable minimum prison term
 provided by this subsection, or suspend the prison term
 imposed and place a person on probation when such person
 has, to the best of his knowledge, provided substantial
 assistance in the identification, arrest, or conviction of any
 accomplices, accessories, co-conspirators, or principals if
 the sentencing judge enters in the record a finding that the
 person to be sentenced has rendered such substantial
 assistance.

 N.C.G.S. § 90-95(h)(5) (2019).

¶ 27 In Baldwin, we established that a trial court may apply “substantial

 assistance” in other cases to mitigate sentencing for the case being heard. Baldwin,

 66 N.C. App. at 158, 310 S.E.2d at 781. We stated:

 It is clear from the trial court’s comments during the
 sentencing hearing and its finding of fact number 4 that
 the [trial] court read [N.C.G.S. § 90-95(h)] to limit its
 consideration of [the] defendant’s “substantial assistance”
 to assistance in the case being heard. [The] [d]efendant
 argues that the “accomplices, accessories, co-conspirators,
 or principals” need not be involved in the case for which the
 defendant is being sentenced, and that [N.C.G.S.] § 90-
 95(h)(5) therefore permits the trial court to consider [the]
 defendant’s “substantial assistance” in other cases. We
 agree.

 Id. I note the relevant statutory section effective at the time the offense was

 committed in Baldwin was not substantially different in any way from the current

 relevant statutory section quoted above. Compare N.C.G.S. § 90-95 (1981), with

 N.C.G.S. § 90-95 (2019).

¶ 28 Here, my review of the transcript reveals the trial court may have improperly
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 applied N.C.G.S. § 90-95(h)(5), as the trial court may have believed it could only apply

 substantial assistance to mitigate sentencing regarding cases on one date, based on

 the trial court’s following statement:

 There’s no doubt in the [trial] [c]ourt’s mind and based on
 everybody’s testimony that [Defendant] deserves credit for
 substantial -- [Defendant] deserves credit for substantial
 assistance that he provided . . . in the [16 December 2016]
 case. And he’s -- the way that credit is going to be delivered
 is to, therefore -- therefore, consolidate -- consolidate all the
 cases into the [7 February 2018] event[.]

 ....

 Everything is consolidated into that one offense for -- for a
 mandatory -- there was no substantial assistance in that
 case -- for the mandatory sentence in that one[.]

 (Emphases added). It is not clear whether the trial court understood it could apply

 Defendant’s substantial assistance to multiple cases on different dates—specifically,

 whether the trial court understood it could apply Defendant’s substantial assistance

 regarding the 16 December 2016 offense to both that offense and the 7 February 2018

 offense under N.C.G.S. § 90-95(h)(5). The trial court’s potential failure to exercise

 discretion by applying substantial assistance to the 7 February 2018 offense could be

 prejudicial under Baldwin. Baldwin, 66 N.C. App. at 161, 310 S.E.2d at 782-83

 (“Since there was evidence of [the] defendant’s ‘substantial assistance’ before the trial

 court, the error was prejudicial.”).

¶ 29 As an initial matter, the Majority’s assertion that “[t]he trial court did not err
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 in concluding that [D]efendant’s efforts did not rise to the level of substantial

 assistance to be applied to multiple offenses” is a de novo determination by a majority

 of a panel of this Court and misconstrues the role of our Court. Supra at ¶ 15.

 Further, it appears to apply a pre-Baldwin interpretation of the availability of

 sentence mitigation under N.C.G.S. § 90-95. Id. The appropriate issue that requires

 additional briefing is whether the trial court properly understood its ability to apply

 the substantial assistance mitigating factor to multiple offenses from multiple dates.

 If it did, then there was no error; if it did not, then Defendant is entitled to a new

 sentencing hearing. I would remand for further briefing regarding this issue and how

 this Court should interpret the language used by, and ruling of, the trial court.

 2. Search of Residence

 a. Failure to Announce

¶ 30 An additional potentially meritorious issue on appeal is whether law

 enforcement violated N.C.G.S. § 15A-249 during the execution of the 16 December

 2016 search warrant, as depicted in State’s Exhibit 1. See N.C.G.S. § 15A-249 (2019).

 A search warrant was issued on 16 December 2016 for the search of Defendant’s

 residence and a 2009 Honda Accord. N.C.G.S. § 15A-249 requires:

 The officer executing a search warrant must, before
 entering the premises, give appropriate notice of his identity
 and purpose to the person to be searched, or the person in
 apparent control of the premises to be searched. If it is
 unclear whether anyone is present at the premises to be
 searched, he must give the notice in a manner likely to be
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 heard by anyone who is present.

 N.C.G.S. § 15A-249 (2019) (emphases added).

¶ 31 State’s Exhibit 1, which depicts the search of Defendant’s residence via a body

 camera worn by an officer executing the search warrant, shows law enforcement did

 not announce “police department, search warrant” until after opening both the storm

 door and the main door of the residence.

¶ 32 However, the Majority inaccurately portrays the evidence in this matter.

 According to the Majority, “[t]he video evidence of the warrant execution also shows

 that the law enforcement officers announced their presence before entering the

 residence, with [D]efendant standing nearby.” Supra at ¶ 13. This statement is

 incorrect and incomplete for at least three reasons: (i) the sentence says “[t]he video

 evidence . . . shows . . . [D]efendant standing nearby[,]” but a review of State’s Exhibit

 1 does not show Defendant; (ii) a review of State’s Exhibit 1 shows the screen door

 being opened prior to the announcement that police were there serving a search

 warrant; and (iii) a review of State’s Exhibit 1 shows what appears to be the main

 door being opened prior to the announcement that police were there serving a search

 warrant, as analyzed below. Id.

 i. Defendant’s Presence

¶ 33 According to the plea hearing transcript, the State’s attorney claimed the

 following during the presentation of the factual basis for the entry of the plea:
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 [Defendant] had been taken into custody on unrelated
 matters that same day and was brought back to the scene
 while the search warrant was being executed. . . . When
 they brought him back to the scene, they asked him prior
 to entering the scene if there was anything that could harm
 them in any way, any individuals in the house. He
 indicated that there was not anyone in the home; however,
 there was a shotgun inside of the house. He told them the
 location of the shotgun, and at that point, the warrant was
 executed.

 Taking this statement by counsel for the State into account, it does not resolve how

 close Defendant was to the scene at the time of entry, though it would have been

 outside the view of the body camera in State’s Exhibit 1, which panned the front yard.

 While I recognize the statement above is relevant to the notice issue, the Majority’s

 conclusion regarding Defendant’s “standing nearby” at the time of law enforcement’s

 entry into the residence is not grounded in the video exhibit, testimony, or any

 findings of fact. Id. Additionally, the Majority does not resolve how this impacts the

 potential violation of Defendant’s constitutional or statutory rights during the

 execution of the search warrant, which further underscores the need for briefing on

 this issue. Accordingly, I would remand in light of the following:

 ii. Opening of the Storm Door

¶ 34 Approximately one minute and three seconds into State’s Exhibit 1, law

 enforcement officers open the storm door of Defendant’s residence. However, law

 enforcement did not announce “police department, search warrant” until around one

 minute and fifteen seconds into State’s Exhibit 1, approximately twelve seconds after
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 opening the storm door. In Sabbath v. United States, the Supreme Court of the

 United States, within the context of analyzing notice requirements for warrant

 execution, noted entry through a screen door was sufficient to constitute breaking

 and entering for the purposes of burglary, and drew a comparison between warrant

 execution and burglary regarding entry into a residence. Sabbath v. United States,

 391 U.S. 585, 589 n.5, 20 L. Ed. 2d 828, 833 n.5 (1968) (marks and citations omitted)

 (“While distinctions are obvious, a useful analogy is nonetheless afforded by the

 common and case law development of the law of burglary: a forcible entry has

 generally been eliminated as an element of that crime under statutes using the word

 break, or similar words. . . . What constitutes breaking seems to be the same as in

 burglary: lifting a latch, turning a door knob, unhooking a chain or hasp, removing a

 prop to, or pushing open, a closed door of entrance to the house,—even a closed screen

 door is a breaking.”). According to the Supreme Court of the United States, “[a]n

 unannounced intrusion into a dwelling . . . is no less an unannounced intrusion

 whether officers break down a door, force open a chain lock on a partially open door,

 open a locked door by use of a passkey, or . . . open a closed but unlocked door.” Id.

 at 590, 20 L. Ed. 2d at 834 (footnote omitted).

¶ 35 Law enforcement’s opening of the storm door before providing notice is an issue

 of arguable merit. I would instruct counsel on remand to provide briefing concerning

 whether law enforcement’s opening of the storm door at Defendant’s residence prior
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 to providing notice constituted an entry of the premises to execute a search warrant

 prior to providing notice, in violation of the requirements of N.C.G.S. § 15A-249.

 iii. Opening of the Main Door

¶ 36 At one minute and thirteen seconds into State’s Exhibit 1, law enforcement

 appears to open the main door to Defendant’s residence, approximately two seconds

 before announcing “police department, search warrant” at around one minute and

 fifteen seconds into State’s Exhibit 1. According to N.C.G.S. § 15A-249, law

 enforcement must provide notice before entering the premises to execute a search

 warrant. N.C.G.S. § 15A-249 (2019). I note that “[t]he amount of time required

 between the giving of notice and entering the premises is dependent upon the

 circumstances of each case.” State v. Sumpter, 150 N.C. App. 431, 434, 563 S.E.2d

 60, 62 (2002); see also State v. Gaines, 33 N.C. App. 66, 69, 234 S.E.2d 42, 44 (1977).

¶ 37 Law enforcement’s opening of the main door before providing notice is an issue

 of arguable merit. I would instruct counsel on remand to provide briefing concerning

 whether law enforcement’s opening of the main door at Defendant’s residence

 occurred prior to providing notice and whether such actions violated the requirements

 of N.C.G.S. § 15A-249.

 b. Ineffective Assistance of Counsel

¶ 38 Defendant’s trial counsel did not preserve issues regarding law enforcement’s

 notice under N.C.G.S. § 15A-249 in the execution of the search warrant. This lack of
 STATE V. ROBINSON

 2021-NCCOA-533

 MURPHY, J., dissenting.

 preservation by trial counsel is an issue of arguable merit. I would instruct appellate

 counsel on remand to brief whether there was any related ineffective assistance of

 counsel claim for failing to preserve the second issue, regarding law enforcement’s

 potential failure to provide appropriate notice under N.C.G.S. § 15A-249, for appeal.

 CONCLUSION

¶ 39 After an Anders review of the Record, I have identified multiple issues of

 arguable merit—the application of Defendant’s substantial assistance to sentence

 mitigation under N.C.G.S. § 90-95(h)(5) and whether law enforcement’s execution of

 the search warrant violated the notice requirements of N.C.G.S. § 15A-249. I would

 allow Defendant’s Petition for Writ of Certiorari for the limited purpose of remanding

 for the appointment of new appellate counsel and otherwise hold the petition in

 abeyance. On remand, I would instruct Defendant’s new appellate counsel to provide

 briefing on the issues identified in this Dissent, as well as any additional issues of

 arguable merit. For these reasons, I respectfully dissent.